**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JERUSHA FREELAND,**

**Plaintiff,** **CASE NO.:**

**vs.**

**ORANGE COUNTY TAX COLLECTOR,**

**Defendant.**
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JERUSHA FREELAND, by and through her undersigned counsel, brings this action against Defendant ORANGE COUNTY TAX COLLECTOR, and states as follows:

## INTRODUCTION

This is an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., and to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended ("ADAAA") and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 and has supplemental subject matter jurisdiction over Plaintiff's state law claims.

2. The Plaintiff's claims arise under the laws of the United Sates. Venue is proper pursuant to 28 U.S.C. §1391.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims.

4. This Court also has jurisdiction over Plaintiffs' claims, because at all times material to this Complaint, Plaintiff worked for Defendants in Orlando, Orange County, Florida.

5. The illegal conduct occurred within the judicial district in and for this District.

6. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on May 16, 2024.

7. On February 25, 2026, the EEOC issued its Notice of Right-To-Sue letter.

8. Therefore, this Complaint is filed within 90 days of Plaintiff receiving her right-to-sue letter.

9. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

10. Plaintiff is an adult individual who resides in Orlando, Orange County, Florida.

11. At all times material hereto, Plaintiff worked for Defendant in Orlando, Orange County, Florida.

12. Defendant is and was, at all relevant times, a Florida County government office, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

13. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

14. Defendant employs more than fifty (50) employees.

15. Plaintiff was an "employee" as defined by the FMLA.

16. Defendant is an "employer" as defined by the FMLA.

17. Plaintiff was an "employee" as defined by the ADAAA and the FCRA.

18. Defendant is an "employer" as defined by the ADAAA and the FCRA.

## ADAAA AND FCRA STATUTORY PREREQUISITES

19. At all times material hereto, Plaintiff was an individual with a disabling medical condition who suffered discrimination based on her disability.

20. As such, Plaintiff is a member of a class of individuals protected by the ADAAA and FCRA.

21. At all times material to the allegations herein, Plaintiff was qualified for her position of employment as Customer Service Agent.

22. Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA and the FCRA.

23. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA and the FCRA.

24. Plaintiff timely dually-filed her Charge of Discrimination with the EEOC and the FCHR on or around May 16, 2024.

25. On February 25, 2026, the EEOC issued its Notice of Right-To-Sue letter. Therefore, this Complaint is timely filed.

26. Accordingly, Plaintiff has complied with all other ADAAA and FCRA requirements and all prerequisites prior to bringing this action.

## FACTS

27. Plaintiff was hired by the Tax Collector Office on or around April 10, 2021, as a part-time Customer Service Agent in the West Oaks Call Center location.

28. After successfully completing Plaintiff's background check and drug test, Plaintiff began her orientation on May 17, 2021.

29. Due to Plaintiff's performance and excellent customer service, Plaintiff was promoted to a full-time position after a week and a half of training.

30. Plaintiff was also offered the opportunity to work in the front office instead of the call center.

31. Before the month was over, Plaintiff was sent to work at the Clarcona Ocoee location.

32. Plaintiff was obese, a disabling condition under the ADAAA and FCRA.

33. Because she was obese, Plaintiff suffered from several other disabling conditions under the ADAAA and FCRA.

34. Because of the serious heath related complications associated with her obesity, Plaintiff was scheduled for panniculectomy surgery for July 6, 2023.

35. Accordingly, Plaintiff applied for and was granted FMLA leave, and Plaintiff's return-to-work date was August 21, 2023.

36. However, following Plaintiff's surgery on July 6, 2023, Plaintiff suffered a medical emergency related to the surgery.

37. On August 11, 2023, Plaintiff was immediately rushed to the hospital emergency room due to complications from Plaintiff's surgery.

38. Plaintiff's condition was so bad that Plaintiff had to undergo an emergency surgery on August 13, 2023.

39. On August 14, 2023, Plaintiff contacted the Tax Collector's office to inform it that due to surgery complications, Plaintiff would need to be out of work for an additional six to eight weeks longer.

40. While Plaintiff was not certain regarding the amount of FMLA leave she had remaining, she was clear that she would otherwise need to be out of work for a while longer because of her medical condition.

41. Plaintiff promptly provided Defendant with the medical documentation to support the additional medical leave she requested.

42. On August 25, 2023, Plaintiff received a letter advising her to submit a money order in the amount of $193.32 for Plaintiff's medical benefits.

43. Plaintiff again received another letter on September 14, 2023, requesting $172.12 for Plaintiff's medical benefits.

44. On September 26, 2023, Plaintiff sent a letter requesting information on Plaintiff's FMLA status as well as documents related to Plaintiff's effort to receive housing rental assistance.

45. Plaintiff received an email on September 28, 2023, with information regarding her housing rental assistance.

46. Plaintiff was also advised that she would receive a telephone call regarding her FMLA leave request, but that call never happened.

47. However, on October 3, 2023, Plaintiff received a call from the Tax Collector's office informing her the employment was terminated effective immediately.

48. Plaintiff questioned what had occurred and was informed that Plaintiff had run out of time a while back.

49. Plaintiff informed her that Plaintiff had kept in constant contact and could not understand how Plaintiff had not been informed the prior times that they had spoken.

50. She informed Plaintiff that unfortunately Plaintiff was terminated but that Plaintiff could reapply once Plaintiff had been released by my physician.

51. Defendant terminated Plaintiff because of her disability and because of her FMLA leave.

**COUNT I**
**DISCRIMINATION (FAILURE TO ACCOMMODATE) UNDER THE ADAAA**

52. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 14, 17 through 34, 36 through 38, 47 through 51, above as if fully set forth herein.

53. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

54. Plaintiff was discriminated against by the Defendant due to her disability in violation of federal law.

55. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

56. Defendant denied Plaintiff reasonable accommodation as required by federal law.

57. Plaintiff is protected by the ADAAA:

a. Plaintiff is a disabled employee whosuffered discrimination because of her disability by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability.

58. Defendant was at all material times "employers" as envisioned and defined by the ADAAA.

59. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

60. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

61. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

62. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

63. Plaintiff was a disabled individual during her employment. Therefore, she is a member of a protected class as envisioned by the ADAAA.

64. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

66. The discrimination to which Plaintiff was subjected was based on her disability.

67. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

69. Plaintiff is entitled to recover reasonable attorneys' fees and

litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on backpay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest; and

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION UNDER THE ADAAA

70. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 14, 17 through 34, 36 through 38, 47 through 51, above as if fully set forth herein.

71. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

72. Plaintiff was discriminated against by the Defendant due to her disability in violation of federal law.

73. Plaintiff is protected by the ADAAA:

a. Plaintiff is a disabled employee whosuffered discrimination because of her disability by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability.

74. Defendant was at all material times "employers" as envisioned and defined by the ADAAA.

75. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

76. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

77. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

78. Plaintiff was a disabled individual during her employment, and therefore, she is a member of a protected class as envisioned by the ADAAA.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

80. The discrimination to which Plaintiff was subjected was based on her disability.

81. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost

wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mentalanguish, loss of enjoyment of life, and other non-pecuniary losses.

82. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

83. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on backpay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest; and

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT III**
**RETALIATION UNDER THE ADAAA**

84. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 14, 17 through 34, 36 through 38, 47 through 51, above as if fully set forth herein.

85. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

86. Plaintiff was retaliated against by the Defendant due to her disability in violation of Federal law.

87. Plaintiff was retaliated against by the Defendant after requesting accommodations for her medical condition.

88. Defendant denied Plaintiff a reasonable accommodation as required by Federal law.

89. Defendant retaliated against Plaintiff in violation of the ADAAA.

90. Plaintiff is protected by the ADAAA:

a. Plaintiff was disabled or a “perceived as disabled” employee whosuffered discrimination because of her disability or “perceived disability” by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability or “perceived disability.”

c. Plaintiff suffered an adverse employment action as a result

of her reporting discrimination based on her disability or "perceived disability."

91. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

92. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

93. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

94. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

95. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

96. Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

97. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

98. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

99. Plaintiff was a disabled individual during her employment. Therefore, she is a member of protected classes as envisioned by the ADA.

100. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

101. The retaliation to which Plaintiff was subjected was based on her disability.

102. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

103. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

104. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest; and,

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

105. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 14, 17 through 34, 36 through 38, 47 through 51, above as if fully set forth herein.

106. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

107. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

108. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT V
## DISABILITY (FAILURE TO ACCOMMODATE) DISCRIMINATION IN VIOLATION OF THE FCRA

109. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 14, 17 through 34, 36 through 38, 47 through 51, above as if fully set forth herein.

110. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

111. Plaintiff suffers from a disabling medical condition pursuant to the FCRA.

112. Plaintiff was discriminated against by the Defendant due to her disability in violation of state law.

113. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

114. Defendant denied Plaintiff reasonable accommodation as required by state law.

115. Plaintiff is protected by the FCRA:

a. Plaintiff is a disabled employee who suffered discrimination because of her disability by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability.

116. Defendant was at all material times "employers" as envisioned and defined by the FCRA.

117. Plaintiff's medical condition is a protected disability under the FCRA.

118. Defendant's actions unquestionably constitute disability discrimination in violation of the FCRA.

119. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

120. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

121. Plaintiff was a disabled individual during her employment. Therefore, she is a member of a protected class as envisioned by the FCRA.

122. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability", and request for accommodation regarding same.

123. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

124. The discrimination to which Plaintiff was subjected was based on her disability.

125. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

126. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

127. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALTION IN VIOLATION OF THE FCRA

128. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 14, 17 through 34, 36 through 38, 47 through 51, above as if fully set forth herein.

129. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

130. Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

131. At all material times, Plaintiff was qualified to perform her job duties.

132. Plaintiff was subjected to the adverse employment action of being terminated.

133. Defendant retaliated against the Plaintiff for requesting reasonable accommodation due to her handicap.

134. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her handicap.

135. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

136. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

137. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

138. Plaintiff is entitled to recover reasonable attorneys' fees and

litigation expenses pursuant to the FCRA.

139. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT VII
## RETALIATION UNDER THE FMLA

140. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 16, 27 through 31, 35 through 51, above as if fully set forth herein.

141. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

142. Defendant was Plaintiff's employer as defined by the FMLA.

143. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

144. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

145. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

146. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

147. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

148. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

149. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

150. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

151. Defendant's violations of the FMLA were willful.

152. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 8th day of May 2026.

***/s/ Anthony J. Hall***
Anthony J. Hall, Esq. – LEAD COUNSEL
FL Bar No.: 40924
**THE LEACH FIRM**
1560 N. Orange Ave., Ste. 600
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com

Email: aperez@theleachfirm.com
***Counsel for Plaintiff***